AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| LUIS FALTO<br><br>*Plaintiff*<br><br>v.<br>THE CITY OF NEW YORK, POLICE OFFICER<br>DEBORAH HENRIQUEZ, ET AL<br><br>*Defendant* | Civil Action No. 13 CIV 7070 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* POLICE OFFICER DEBORAH HENRIQUEZ
NEW YORK CITY POLICE DEPARTMENT
52ND PRECINCT, BRONX, NEW YORK

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: ISAACSON, SCHIOWITZ & KORSON, LLP
150 BROADWAY 16TH FL
NEW YORK, NEW YORK 10038
212-265-6557

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: FEB 18 2014

Signature of Clerk or Deputy Clerk

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

LUIS FALTO

*Plaintiff*

v.

THE CITY OF NEW YORK, POLICE OFFICER
DEBORAH HENRIQUEZ, ET AL

*Defendant*

Civil Action No. 13 CIV 7070

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF NEW YORK
100 CHURCH STREET
NEW YORK, NEW YORK 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   ISAACSON, SCHIOWITZ & KORSON, LLP
150 BROADWAY 16TH FL
NEW YORK, NEW YORK 10038
212-265-6557

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: FEB 1 8 2014

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS FALTO,

              Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
DEBORAH HENRIQUEZ, CORRECTIONS OFFICERS
"JOHN DOES" 1 through 6 and POLICE OFFICERS "JOHN
DOES" 7 through 10 said names being fictitious and unknown,

              Defendants,
------------------------------------------------------------------X

ECF Case No.: 13CIV7070

**AMENDED COMPLAINT**



JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ( c).

6.     Defendant Correction Officers "John Does" 1 through 6 said name being fictitious and unknown, were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Department of Corrections, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Correction Officers "John Does" 1 through 6 were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Corrections Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

7.     Defendant Police Officers "John Does" 7 through 10 said name being fictitious and unknown, were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Police Officers "John Does" 7 through 10 were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with

the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

8. Defendant Police Officer Deborah Henriquez was at all times relevant herein duly appointed and acting officer, servant and employee of the City of New York and/or the New York City Police Department, a municipal agent of defendant The City of New York. Defendant Police Officer Deborah Henriquez was at all times relevant herein acting under color of state law in the course and scope of her duties and functions as an officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in her by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duties.

## NOTICE OF CLAIM

9. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

10. That a 50-h hearing was taken of plaintiff on April 30, 2013 conducted by the Defendants CITY OF NEW YORK at the Law Office of Jeffrey Samel & Partners, 150 Broadway, 20th Floor, New York, New York 10038.

11. This action was commenced within (1) one year and (90) ninety days from the date of the incident herein.

## THE PARTIES

12. Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

13. Defendant CITY OF NEW YORK was and still is at all times relevant

herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain the New York Department of Corrections. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of the employment of corrections officers as said risk attaches to the public consumers of the services provided by the New York City Department of Corrections.

14. Defendant CITY OF NEW YORK was and still is at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain the New York City Police Department. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

15. Defendant Police Officer Deborah Henriquez was employed by the City of New York and New York City Police Department.

16. Defendant Correction officers John Does 1 through 6, said names being fictitious and unknown were employed by the City of New York and New York City Department of Corrections.

17. Defendant Police officers John Does 7 through 10, said names being fictitious and unknown were employed by the City of New York and New York City Police Department.

## STATEMENT OF FACTS

18. Plaintiff, LOUIS FALTO was not guilty of any criminal acts.

19. That on January 16, 2013 at approximately 10:00 a.m. plaintiff was falsely arrested from his home and taken to the 52nd precinct, Bronx, New York.

20. Plaintiff informed the arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 while at his home and at the precinct that he was on several medications which had to be taken daily.

21. Plaintiff informed the arresting officer, Deborah Henriquez and Police Officer

John Does 7 through 10 while at his home and at the precinct that he was on several medications which had to be taken daily and that if he did not take them, it would put his health at risk.

22. Plaintiff informed the arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 while at his home and at the precinct that he suffered from anxiety and needed to take his medication.

23. Plaintiff informed the arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 while at his home and at the precinct that he had not eaten anything that morning which combined with not taking his medication puts his health at further risk.

24. The arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 acknowledged plaintiff's request to take his medication.

25. The arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 acknowledged plaintiff's request for food.

26. The arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 acknowledged that plaintiff suffers from anxiety and needed to take his medication and eat some food.

27. The arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 acknowledged that plaintiff suffers from anxiety and needed to take his medication and eat some food, knowing that if they deny him his medication and food, it would put plaintiff's health at risk.

28. Despite the arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10's acknowledgement that plaintiff suffers from anxiety and needed to take his medication and eat some food, and that if they denied him his medication and food, it would put plaintiff's health at risk, they denied all of plaintiff's requests.

29. Plaintiff complained to arresting officer, Deborah Henriquez and Police Officer John Does 7 through 10 that they placed the handcuffs on him too tightly and asked that they loosen them.

30. Despite Plaintiff's complaints to arresting officer, Deborah Henriquez and Police

Officer John Does 7 through 10 that they placed the handcuffs on him too tightly and asked that they loosen them, said defendants denied plaintiff's requests.

31.   Plaintiff was taken to the 52nd Precinct and then in the evening to Central Booking.

32.   Plaintiff was placed in a holding cell at the 52nd Precinct and at Central Booking for several hours.

33.   The defendants denied plaintiff's requests to make a phone call.

34.   The defendants took his neck chain, which was never returned to him.

35.   Plaintiff informed the Correction Officers John Does 1 through 6 several times throughout the day that he was on several medications which had to be taken daily.

36.   Plaintiff informed the Correction Officers John Does 1 through 6 several times throughout the day that he was on several medications which had to be taken daily and that if he did not take them, it would put his health at risk.

37.   Plaintiff informed the Correction Officers John Does 1 through 6 several times throughout the day that he suffered from anxiety and needed to take his medication.

38.   Plaintiff informed the Correction Officers John Does 1 through 6 several times throughout the day that he had not eaten anything that morning which combined with not taking his medication puts his health at further risk.

39.   Correction Officers John Does 1 through 6 acknowledged plaintiff's request to take his medication.

40.   Correction Officers John Does 1 through 6 acknowledged plaintiff's request for food.

41.   Correction Officers John Does 1 through 6 acknowledged that plaintiff suffers from anxiety and needed to take his medication and eat some food.

42.   Correction Officers John Does 1 through 6 acknowledged that plaintiff suffers from anxiety and needed to take his medication and eat some food, knowing that if they deny him his medication and food, it would put plaintiff's health at risk.

43. Despite t Correction Officers John Does 1 through 6's acknowledgement that plaintiff suffers from anxiety and needed to take his medication and eat some food, and that if they denied him his medication and food, it would put plaintiff's health at risk, they denied all of plaintiff's requests.

44. Plaintiff complained to Correction Officers John Does 1 through 6 that they placed the handcuffs on him too tightly and asked that they loosen them.

45. Despite Plaintiff's complaints to Correction Officers John Does 1 through 6 that they placed the handcuffs on him too tightly and asked that they loosen them, said defendants denied plaintiff's requests.

46. The Correction Officers John Does 1 through 6 verbally abused the plaintiff and publicly humiliated him.

47. Correction Officers John Does 1 through 6 knowingly inflicted emotional harm on the plaintiff.

48. Correction Officers John Does 1 through 6 removed plaintiff from his cell and placed him in a difference cell and proceeded to physically and verbally abuse and assault plaintiff.

49. Solely as a result of the foregoing, plaintiff sustained substantial and serious personal and emotional injuries.

## FIRST CLAIM
## VIOLATION OF CIVIL RIGHTS

50. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. By defendants' conduct and actions in physically assaulting the plaintiff, by violating the plaintiff's Fourteenth Amendment rights to equal protection, Police Officer Deborah Henriquez acting under the color of law and with a deliberate indifference to or a

reckless disregard for the natural and probable consequences of her acts, caused physical and mental injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

52. By defendants' conduct and actions in physically assaulting the plaintiff, by violating the plaintiff's Fourteenth Amendment rights to equal protection, the corrections officers, "John Does", 1 through 6 (said names being fictitious and unknown, including the correction officer with badge # 6447) and acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused physical and mental injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

53. By defendants' conduct and actions in physically assaulting the plaintiff, by violating the plaintiff's Fourteenth Amendment rights to equal protection, the police officers, "John Does", 7 through 10 (said names being fictitious and unknown) and acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

54. The Defendants established a custom, policy and/or practice of encouraging, approving and/or tolerating the NYPD's use of excessive force and acts of misconduct against civilians, and subsequent attempts to conceal such actions by failing to adequately train,

supervise and discipline its agents, employees and officers.

55. The Defendants were deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, and established a custom, policy and/or practicing of encouraging, approving and/or tolerating the use of said improper procedures by the NYPD and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

56. The defendants' actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

57. The supervisors and policymaking officers of defendants, as a matter of policy, were deliberately indifferent to said practices and have failed to take steps to terminate the herein above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

58. Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue to this day.

59. Defendants have sanctioned the policy and practices heretofore described through its deliberate indifference to the effect of such policy and practices upon the constitutional rights of plaintiff.

60. The defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

61. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## NEGLIGENCE

62. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. That defendant City of New York, through its corrections officers and police

officers, agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

64. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM
## ASSAULT AND BATTERY

66. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. By the actions described above, defendant City of New York, by its agents, servants and employees committed an assault and battery upon the plaintiff by physically assaulting and abusing him inside or near the holding cell. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. By the actions described above, defendant Corrections Officers "John Does," 1 through 6, by its agents, servants and employees committed an assault and battery upon the plaintiff by physically and verbally assaulting and abusing him inside or near the holding cell. The Corrections Officers "John Does" 1 through 6 denied plaintiff his medication, food and his right to a phone call. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as

guaranteed by the laws and Constitution of the State of New York.

69. By the actions described above, defendant Police Officer Deborah Henriquez committed an assault and battery upon the plaintiff by physically assaulting and abusing him, applying the cuffs too tight and refusing to loosen them, denying him his medication, food and his right to a phone call. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. By the actions described above, defendant Police Officers "John Does," 7 through 10 committed an assault and battery upon the plaintiff by physically assaulting and abusing him, applying the cuffs too tight and refusing to loosen them, denying him his medication, food and his right to a phone call. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

72. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

74. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

75. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

76. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

78. The actions of the defendants in arresting and prosecuting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

79. Defendants acted with the desire and intent to cause plaintiff, emotional distress or acted under circumstances known to them which made it substantially certain that they would cause emotional distress.

80. Defendants acted in a manner as to negligently cause emotional distress to the plaintiff.

81. Defendants acted with utter disregard of the consequences of their actions.

82. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

83. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM
## FALSE ARREST AND FALSE IMPRISONMENT

84. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85. At no time did plaintiff commit, or attempt to commit, any act or offense for which an arrest may be lawfully made.

86. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

87. The defendants, their agents, servants and/or employees, acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of plaintiff.

88. The aforesaid arrest and imprisonment was made with knowledge of and/or negligent disregard of the material falseness of the criminal complaints.

89. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

90. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured

## SEVENTH CLAIM
## MALICIOUS PROSECUTION

91. The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

92. The defendants falsely, negligently, intentionally, knowingly, recklessly and maliciously commenced and continued prosecution of plaintiff upon the filing of an accusatory instrument without probable cause, until the petitioner was released.

93. In commencing and continuing the said malicious prosecution, defendants caused plaintiff to be falsely charged with acts in violation of the Penal Law of the State of New York.

94. At no time did plaintiff commit, or attempt to commit, any acts or offense for which an arrest may be lawfully made.

95. The plaintiff had not given defendants probable cause to believe that he had committed the falsely charged acts.

96. The defendants knew, or should have known through the exercise of reasonable care and proper police procedure, that the said investigation into this matter was flawed and incomplete.

97. The defendants willfully, negligently and wrongfully accused the plaintiff of having committed acts in violation of the Penal Law of the State of New York.

98. The defendants willfully, negligently and wrongfully continued to prosecute plaintiff for alleged violations of the Penal Law of the State of New York even though defendants knew or should have known of facts and circumstances that would have led a reasonable person to conclude that the criminal complaint, upon which said criminal prosecution was based, contained material falsehoods and was otherwise improper, and that the continued prosecution of the plaintiff was therefore improper, under circumstances.

99. As a result of the aforesaid malicious prosecution plaintiff sustained injuries and damages previously described in this complaint.

100. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands judgment against the defendants for his First, Second, Third, Fourth and Fifth causes of action. Plaintiff also demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages in the amount of $10,000,000.00;

   b. Punitive Damages;

   c. The convening and empanelling of a jury to consider the merits of the claims herein;

   d. Pre and post-judgment costs, interest and attorneys' fees;

   e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: New York, New York
       February 18, 2014

                              Yours etc.,

                              **ISAACSON, SCHIOWITZ & KORSON, LLP,**
                              Attorneys for Plaintiff

                              By: _____
                              JEREMY SCHIOWITZ, ESQ. (JS 5939)
                              150 Broadway - Suite 1600
                              New York, New York 10038
                              Tel. No.: (212) 267-6557

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the courts of New York State, hereby affirms that I am the attorney of record for the plaintiff in the within action; I have read the foregoing **AMENDED COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by plaintiff is because the plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, conversations had with the clients, and my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
February 14, 2014

_____
JEREMY SCHIOWITZ

Docket Number: 13CIV7070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUIS FALTO,

                                        *Plaintiff,*

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS and
NEW YORK CITY POLICE DEPARTMENT,

                                        *Defendants*

-------------------------------------------------------------X


## AMENDED SUMMONS AND AMENDED COMPLAINT


**ISAACSON, SCHIOWITZ & KORSON, LLP**
**Attorney for Plaintiff**
**150 Broadway, Suite 1600**
**New York, NY 10038-4494**
**Tel No. 212-267-6557**
**Fax No. 212-240-0365**